Matter of Parascando v Monheit (2020 NY Slip Op 02744)





Matter of Parascando v Monheit


2020 NY Slip Op 02744


Decided on May 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2020-03439
 (Index No. 85053/20)

[*1]In the Matter of Anthony R. Parascando, et al., petitioners-respondents, 
v
Abraham Monheit, appellant, et al., respondents.




DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a petition designating Abraham Monheit as a candidate in a primary election to be held on June 23, 2020, for the nomination of the Conservative Party as its candidate for the public office of Member of the New York State Assembly for the 63rd Assembly District, Abraham Monheit appeals from a final order of the Supreme Court, Richmond County (Ralph J. Porzio, J.), dated April 28, 2020. The final order, after a hearing, granted the petition, inter alia, to invalidate the designating petition.
ORDERED that the final order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings in accordance herewith, to be conducted forthwith.
Abraham Monheit (hereinafter the appellant) is seeking to be a candidate in the primary election to be held on June 23, 2020, for the nomination of the Conservative Party as its candidate for the public office of Member of the New York State Assembly for the 63rd Assembly District. On March 13, 2020, and March 15, 2020, designating petition signatures were collected for the appellant. The number of signatures collected is not at issue here. The appellant and Yehoshua S. Jalas witnessed the signatures on the sheets of the designating petition and subsequently executed the Statement of Witness on the sheets on March 19, 2020. The following day, the designating petition was filed with the Board of Elections in the City of New York (hereinafter the Board of Elections). The timing of the filing of the designating petition with the Board of Elections is also not at issue before us.
Anthony R. Parascando, George S. Womica, and Kara M. Donnelly, as citizen objectors (hereinafter collectively the petitioners), timely filed objections with the Board of Elections on the ground that the executions of the Statement of Witness by the subscribing witnesses on March 19, 2020, violated the terms of Governor Andrew Cuomo's Executive Order No. 202.2 (9 NYCRR 8.202.2). The Board of Elections took no action, and the petitioners commenced this proceeding pursuant to Election Law § 16-102, inter alia, to invalidate the appellant's designating petition. After a hearing, the Supreme Court determined that the executions of the Statement of Witness on March 19, 2020, violated the signature gathering deadline of Executive Order No. 202.2, and granted the petition, inter alia, to invalidate the appellant's designating petition. We reverse.
These are unusual times occasioned by the onset of the COVID-19 virus. The State has undertaken various measures to protect the health and safety of its residents by limiting the face-to-face contact of persons and thereby minimizing the extent of human transmission of the virus. Some of the State's measures are set forth in Executive Orders of the Governor, including, as relevant here, Executive Order No. 202.2. Executive Order No. 202.2, dated March 14, 2020, modified article 6 of the Election Law to reduce the number of petition signatures required for placing candidates' names on ballots, and to suspend the "gathering of signatures" after 5:00 p.m. on March 17, 2020. The Executive Order is consistent with the State's policy of limiting social and professional interactions and community contact transmissions of COVID-19 (see Executive Order 202.2).
The witnessing of petition signatures need not occur on the same day as the acquisition of the signatures themselves (see Matter of Velez v Nieves , 164 AD2d 931). Therefore, during normal times, the execution of the Statement of Witness on a date after the signatures were gathered would not be an issue, so long as the designating petition was otherwise properly witnessed and timely filed. In our view, Executive Order No. 202.2 does not change the incumbent rule that a witness execution of the Statement of Witness may be added to a designating petition on a date after the signatures were obtained and prior to the filing of the designating petition with the appropriate board of election. The language of the Executive Order plainly directs that only the "gathering of signatures" was subject to the deadline of 5:00 p.m. on March 17, 2020. The signatures contained in the appellant's designating petition were all "gathered" prior to that deadline. The language of the Executive Order provides no truncated deadline for the witnessing of those signatures. Indeed, since the witnessing of signatures is a ministerial task unrelated to the face-to-face interactions that Executive Order No. 202.2 was issued to minimize, there would be no reason for the Governor to have intended, or for the Executive Order itself to provide, that the witnessing of signatures also be suspended as of 5:00 p.m. on March 17, 2020.
Thus, we disagree with the Supreme Court's determination granting the petition, inter alia, to invalidate the appellant's designating petition on the ground that the executions of the Statement of Witness on March 19, 2020, violated the signature gathering deadline of Executive Order No. 202.2. In addition, the court, instead of limiting its determination of the petition, inter alia, to invalidate to this one issue, should have made a determination on all the objections raised in the petition, inter alia, to invalidate so that this Court could receive a full record on which to review all potential Election Law issues. Accordingly, we remit the matter to the Supreme Court, Richmond County, for a determination of the remaining objections to the appellant's designating petition and thereafter a new determination of the petition, inter alia, to invalidate.
DILLON, J.P., COHEN, DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court